IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMAND FLOREZ,

          Plaintiff,

  v.

ARNOLD SCHWARZENEGGER, et al.,

          Defendants.

                                  /

No. C 08-0011 TEH (PR)

ORDER OF DISMISSAL AND
INSTRUCTIONS TO THE CLERK

Plaintiff filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by prison officials at Pleasant Valley State Prison ("PVSP"), Mule Creek State Prison ("MCSP") and Salinas Valley State Prison ("SVSP"). At the time of filing the complaint, Plaintiff was incarcerated at Pleasant Valley State Prison.

Plaintiff has filed requests to proceed in forma pauperis ("IFP") and to extend time to complete his IFP application, which are granted in a separate order filed simultaneously. For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims

1  or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

2  malicious, or fails to state a claim upon which relief may be granted," or "seeks

3  monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

4  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police

5  Dept., 901 F.2d 696, 699 (9th Cir. 1990).

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)

7  that a right secured by the Constitution or laws of the United States was violated, and

8  (2) that the alleged violation was committed by a person acting under the color of state

9  law. West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    Legal Claims

11        The seventy-five page complaint alleges acts by prison officials at which violated

12  his constitutional rights, including but not limited to, First Amendment right to freedom

13  of speech and religion; Sixth Amendment right to legal counsel; Eighth Amendment

14  right against cruel and unusual punishment; and Fourteenth Amendment right to due

15  process and equal protection. Compl. at 31. Plaintiff further alleges that prison officials

16  violated his rights under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §

17  1997, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §

18  2000, and state law. Id. These claims are duplicative of other claims pending in this

19  Court and in the District Court for the Eastern District of California, and therefore

20  dismissed.

21        The Court may dismiss as frivolous a complaint that merely repeats pending or

22  previously litigated claims. 28 U.S.C. § 1915A. See Cato v. United States, 70 F.3d

23  1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

24  On November 14, 2007, Plaintiff filed a civil rights action against various SVSP

25

26

27

28                                  2

1    correctional officers.[1]  See Florez v. Schwarzenegger, et al., C07-5763 TEH (N.D. Cal.).

2     The Court has reviewed the earlier filed complaint and determined that it alleges the

3    same causes of action as those alleged in the instant complaint against the SVSP and

4    PVSP defendants.  See Compl. at 37-44.

5          The alleged acts or omissions by SVSP defendants occurred within this venue;

6    however, the PVSP defendants reside in Fresno County, which lies within the venue of

7    the Eastern District of California.  See 28 U.S.C. § 84(b).  Where a case is filed in the

8    wrong venue, the district court has the discretion either to dismiss the case or transfer it

9    to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  This action

10   contains claims that are duplicative of those alleged in the earlier-filed complaint that is

11   currently pending in this Court.  As such, the claims against the SVSP and PVSP

12   defendants are dismissed as repetitive and frivolous.  28 U.S.C. § 1915A(b)(1).

13         The complaint also alleges claims under Section 1983 against officers at MCSP

14   for injuries from 1999 to 2004.  See Compl. at 66.  The events or omissions giving rise

15   to those claims occurred in Amador County, which lies within the venue of the Eastern

16   District of California rather than this district.  See 28 U.S.C. § 84(b).  Plaintiff admits to

17   having filed an action in the District Court for the Eastern District of California arising

18   from his imprisonment at MCSP, Florez v. Dept. of Corrections, C01-1986 (E.D. Cal.).

19   See Compl. at 35.  The Court notes that Plaintiff filed an earlier action in the Eastern

20   District of California under the name Armando Flores Macias, Macias v. Mule Creek

21   State Prison, C00-2274 (E.D. Cal.).

22

23

24
_____

25         [1]    The Court notes that on October 25, 2005, during his incarceration at SVSP,
     Plaintiff submitted a partial IFP application in this Court, but the action was dismissed for
26   failure to file a complaint and failure to submit a complete IFP application or filing fee.
     See In re Florez, C05-4329 TEH (filed sub nom. Armando Flores Macias).

27

28

1    It appears that Plaintiff raised the claims against MCSP in his complaint before

2    the District Court for the Eastern District of California.  <u>See</u> Order and Findings and

3    Recommendations, <u>Florez v. Dept. of Corrections</u>, C01-1986 (E.D. Cal. July 10, 2002).

4    Because the claims against the MCSP are duplicative of those raised in Plaintiff's

5    earlier-filed action in the Eastern District, those claims are dismissed as frivolous.  <u>See</u>

6    28 U.S.C. §§ 1406(a), 1915A(b)(1).

7                                                    **CONCLUSION**

8    For the foregoing reasons, Plaintiff's action is DISMISSED as duplicative and

9    frivolous.  28 U.S.C. § 1915A (b)(1).  The Clerk of Court shall enter judgment and close

10   the file.

11   SO ORDERED.

12

13   DATED:   06/03/08

         THELTON E. HENDERSON
14       United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                        4